

FILED (SG)
US DISTRICT COURT CLERK
WESTERN DISTRICT OF KY

08 JAN -2 AM 10: 54

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

| | |
|---|---|
| JAMES LEE WHITE, III<br>    A citizen and resident of Kentucky,<br>    4350 Brownsboro Road, Suite 110<br>    Louisville, Kentucky 40207<br><br>                        Plaintiff,<br><br>v.<br><br>FORTY ACRES AND A MULE<br>FILMWORKS, INC.<br>    A New York corporation,<br>    124 Dekalb Avenue<br>    Brooklyn, New York 11217<br><br>**Serve:** FORTY ACRES AND A MULE<br>    FILMWORKS, INC.<br>    Inc.<br>    124 Dekalb Avenue<br>    Brooklyn, New York 11217; and<br>    75 S. Elliot Place, 3rd Fl<br>    Brooklyn, NY 11217 and Frank<br>    Garbus Klien and Selz Attn:<br>    Lisa Davis<br>    488 Madison Avenue<br>    New York, New York 10022<br><br>SHOWTIME NETWORKS, INC.<br>    A CBS corporation,<br>    1633 Broadway<br>    New York, NY 10019, and<br>    10880 Wilshire Blvd, Suite 1600<br>    Los Angeles, CA 90024<br><br>**Serve:** Corporation Service Company<br>    80 State Street<br>    Albany, NY 12207-2543, and<br>    CSC Lawyers Incorporating Service<br>    P.O. Box 526036<br><br>CBS VIACOM<br>    A New York corporation,<br>    51 W. 52nd St.<br>    New York, NY 10019-6188 | Civil Action No. 3:08cv-1-H<br><br><br><br>**COMPLAINT FOR COPYRIGHT<br>INFRINGEMENT AND<br>MISAPPROPRIATION OF IDEAS** |

**Serve:** Corporation Service Company
   80 State Street
   Albany, NY  12207-2543; and

MR. SHELTON J. SPIKE LEE
   A citizen and resident of New York,
   124 Dekalb Avenue
   Brooklyn, NY  11217,

Defendant(s).

* * * * * * * *

<u>COMPLAINT</u>

   Plaintiff, James Lee White, III (hereinafter "White" or "Plaintiff") for his complaint against Defendants, 40 Acres and a Mule Film works, Inc. (hereinafter "40 Acres"), Showtime Networks, Inc. (hereinafter "Showtime"), CBS Viacom, Inc. (hereinafter "CBS"), Mr. Shelton J. Spike Lee (hereinafter "Lee"), (hereinafter collectively referred to as "Defendants"), complains and alleges as follows:

<u>INTRODUCTION</u>

   1.  This is an action for copyright infringement pursuant to 17 U.S.C. §101 *et seq.* and for common law misappropriation of ideas under the common law of Kentucky, California, and/or New York.  Plaintiff seeks damages and injunctive relief.

<u>THE PARTIES</u>

   2.  Plaintiff is an individual residing in the Commonwealth of Kentucky, 4350 Brownsboro Rd., Suite 110, Louisville Kentucky 40207.

   3.  On information and belief, 40 Acres is a corporation organized and existing under the laws of the State of New York.

   4.  On information and belief, 40 Acres maintains a principle place of business at 124 Dekalb Avenue Brooklyn, NY 11217.

5.     40 Acres does business throughout the United States and, on information and belief, including within the Commonwealth of Kentucky and the City of Louisville.

6.     On information and belief, Showtime is a corporation organized and existing under the laws of the State of New York.

7.     On information and belief, Showtime maintains an office and place of business at 10880 Wilshire Blvd, Suite 1600, Los Angeles, CA 90024 and 1633 Broadway New York, NY 10019.

8.     Showtime does business throughout the United States and, on information and belief, including within the Commonwealth of Kentucky and the City of Louisville.

9.     On information and belief, CBS is a corporation organized and existing under the laws of the State of New York.

10.     On information and belief, CBS maintains a principle place of business at 51 W. 52ND St New York, New York 10019-6188.

11.     CBS does business throughout the United States and, on information and belief, including within the Commonwealth of Kentucky and the City of Louisville.

12.     On information and belief, Lee is an individual residing in the State of New York.

13.     On information and belief, Lee maintains a principle place of business at 75 S. Elliot pl. 3rd fl. Brooklyn, New York 11217 and, 124 Dekalb Avenue Brooklyn, NY 11217.

14.     Lee does business throughout the United States and, on information and belief, including within the Commonwealth of Kentucky and the City of Louisville.

15.     Lee does business throughout the United States and, on information and belief, including within the Commonwealth of Kentucky and the City of Louisville.

### JURISDICTION AND VENUE

16.     This Court has subject matter jurisdiction over the claims in this action by virtue of the fact that this is a civil action arising under the Federal Copyright Act of 1976, as amended, 17 U.S.C. §101 *et seq.*, under 28 U.S.C. §1331, and 28 U.S.C. §1338(a).

17.     In addition, this Court has original jurisdiction over the subject matter of this action based upon diversity of citizenship and the amount in controversy pursuant to 28 U.S.C. §1332.  Plaintiff resides in the Commonwealth of Kentucky, and thus, is a citizen of Kentucky.  40 Acres is a New York corporation with a principle place of business in California and/or New York, and thus, a citizen of California and/or New York. Showtime is a New York corporation with a principle place of business in New York, and thus, a citizen of New York.  CBS is a New York corporation with a principle place of business in New York, and thus, a citizen of New York. Defendant Lee resides in the state of New York, and thus, a citizen of New York. Defendant Tse resides in the state of California, and thus, a citizen of California. The matter in controversy exceeds $75,000, exclusive of interest and costs, the sum specified by 28 U.S.C. §1332.

18.     Defendants, on information and belief, transact business nationwide, within the Commonwealth of Kentucky, and including within this judicial district.

19.     On information and belief, this Court has personal jurisdiction over the Defendants based on the Defendants' having regularly and systematically conducted business within the Commonwealth of Kentucky or the United States affecting Plaintiff

within the Commonwealth of Kentucky which has and will cause irreparable injury to Plaintiff within this jurisdiction.

20.     This Court has personal jurisdiction over the Defendants because the infringing work that is the subject of this litigation was unlawfully reproduced, copied, displayed and/or distributed in this judicial district.

21.     Venue is proper in this Court pursuant to 28 U.S.C. §§1391(b), 1391(c) and 1400(a).  The infringing work that is the subject of this litigation was unlawfully reproduced, copied, displayed and/or distributed in the Western District of Kentucky; and Defendants have a sufficient connection with the Western District of Kentucky to make venue proper in this district, all as alleged in this Complaint.

22.     Service of process by certified mail (return receipt requested) on Defendants at the addresses listed herein on the caption of this Complaint, is proper pursuant to FED. R. CIV. P. 4(e) (1), Western District of Kentucky LR 4.1, Kentucky CR 4, and pursuant to KRS 410.254.

## FACTS

### Plaintiff and its Ownership of Copyrighted Material

23.     The Plaintiff was born and raised in downtown Louisville, Kentucky. The Plaintiff has participated in the local movie and music arena through his entertainment venture, GO GET IT Entertainment®, LLC and he has operated his own commercial service company for the past four years. Over the years, Plaintiff has developed many screenplays and story-lines for possible use in the motion picture business.

24.     In 2001, Plaintiff began working on a screenplay entitled *Mixed Up*. *Mixed Up* is a movie about brotherhoods, family, friends and non stereo typical gangs

intersecting in the corporate America business world, the school and college arena. While dealing with the characters mixed relationships and their confused paths in life. The male character IDEA is the wise intelligent mentor street hustler that mixes together with the male character JAY the corporate America worker that works in the corporate America business world in California. The secondary characters deal with the challenges of the school and college world. Idea also mixed and collided with the male character DELRIO a mafia business man from California. Idea and Delrio disputed and negotiated over a bad business deal. Idea pursued a strong business and personal relationship with Jay the corporate America working character from California who has information and knowledge that Idea needed to re structure his morals and his business ventures. Idea's conflict with the Cuban mafia business man escalated and got worse. Delrio stole money from his own family, and his thievery was part of the main problem that caused the death of another minor character. *Mixed Up* displayed the struggles within the characters' family lives and brotherhood, and that helped the characters to evolve and bond. In the end. The main characters gained a new outlook on life. Idea gained a new business partnership with Jay the corporate America worker. Idea took a new path in his social life by rejecting his old connections, and the reckless mafia business man received a harsh punishment from his boss for his dishonesty. The *Mixed Up* screenplay will hereinafter be referred to as "the Work".

25.     After completing the Work, Plaintiff registered it with the Writers Guild of America East on April 1, 2002. (*See* Writer's Guild Registration attached hereto as Exhibit "A").

26.     Over the years, Plaintiff has submitted his *Mixed Up* screenplay to various entities in the movie business, including the Defendants.

27.     Plaintiff has complied in all respects with the provisions of the Copyright Act, and on August 22 2006, the deposits, applications and fees required for registration of copyright in the Work was delivered to the Copyright Office in proper form.

28.     On January 1, 2007, Plaintiff received his official Certificate of Copyright Registration for the Work, with an effective date of August 25, 2006.  (Plaintiff's Certificate of Registration is attached hereto as Exhibit "B").

29.     Plaintiff is, and at all relevant times has been, the exclusive owner of the copyright in and to the Work.  Plaintiff has not assigned the copyright in the Work to any other entity.

## DEFENDANTS AND THEIR USE OF THE WORK

### 40 Acres

30.     On information and belief, 40 Acres is a film production company which is the production company of the noted African American filmmaker, Spike Lee.

31.     40 Acres and A Mule Film works is a production company owned by the well established African American Filmmaker Spike Lee. The company is named after early reconstruction in 1865. General Sherman gave a special field order. He ordered the distribution of lots of 40 acres to some freed black slave families in Georgia. Plus he gave out some surplus army mules. In 2004 40 Acres closed their Los Angeles branch. The production power house has produced works such as "She Hate Me" and, "Do The Right Thing."

### Showtime

-7-

32.     On information and belief, Showtime is a premium cable television network that began thirty one years ago. Showtime has firmly established itself as a competitive original programming producer, and provider in the television industry.

### CBS

33.     On information and belief, CBS owns Showtime. CBS Corporation is a mass media company that opened for business in 1928. CBS ventured into the radio business, and then they advanced into the television industry. CBS went on to acquire numerous T.V. stations and production companies such as Showtime, The CW and Paramount. CBS is a part of the Viacom Brand also.

### Lee

34.     On information and belief, Shelton J. Spike Lee was born in Atlanta Georgia on March 20th 1957. Lee got involved with the movie production business. Lee moved to Brooklyn New York and he went on to produce films such as "Do The Right Thing" and "She's Gotta Have It".

### The Creation of *Sucker Free City* and the Use Of The Work

35.     Plaintiff sent Defendant 40 Acres a cover letter and a copy of the Work. The cover letter featured a one paragraph "synopsis" of the story, via certified mail, sometime in late June/July of 2002, with the hope that 40 Acres would purchase the rights to the Work.

36.     40 Acres responded to Plaintiff via regular mail on August 2, 2002 (see letter from Glenda Folsom to James White attached hereto as Exhibit "C") and 40 Acres responded to Plaintiff's submission by stating that "though the material has merit, it is not quite right for us at this time."

37.    On information and belief, in 2002, Showtime executives Jerry Ofsay and Gary Levine had determined that the network needed something different. The network wanted to create a new series about non-stereo typical gangs. As a result of this directive, by the end of June 2002, Showtime had begun discussions with Spike Lee and Alex Tse about the creation of an original series entitled "The Game". Alex Tse had created his "first draft" of the script, with the help of 40 Acres and Spike Lee, by September 2002 – coincidentally, two months after 40 Acres and Spike Lee received Mr. White's Mixed Up screenplay.  By October 2002, the script for "The Game" had evolved into Sucker Free City. 40 Acres and Spike Lee actively worked with Mr. Tse to develop Sucker Free City – all after 40 Acres had received the Work.

38.    *Sucker Free City* showcases the struggles of brotherhoods, family, friends and non stereo typical gangs intersecting with corporate America's business world, the school and college arena. While dealing with the characters mixed relationships and their confused paths in life. The male character KLUV is the wise intelligent mentor street hustler from California that mixes together with the male character NICK the corporate America worker that works in the corporate America business world in California. The secondary characters deal with the challenges of maintaining and re entering the school / college world. Kluv also mixes and collides with the male character LINCOLN a mafia business man from California. Kluv and Lincoln dispute and negotiate over a bad business deal. Kluv pursues a unique business and personal relationship with Nick the corporate America working character. Nick held the information and knowledge that the wise, intelligent mentor Kluv needed to re structure his morals and his business ventures. Kluv's conflict with the Chinese mafia business man Lincoln escalated and worsened. Lincoln

stole money from his own family's business, and his thievery was part of the main problem that caused the death of another minor character. The struggles, and challenges with in the characters family lives, friendships and brotherhoods helped the characters to evolve and bond.  In the end the wise and intelligent Kluv gained a new outlook on life. Kluv gained a new business partnership with Nick the corporate American working character. Kluv took a new path in his social life by rejecting his old connections to his old business partners. Plus the crooked Chinese mafia business man received a harsh punishment from his boss for his dishonesty.

      39.    Both works share over eighty five similarities. The similarities are similar in the following categories: arrangement of the scenes, expression of the scenes, substantially similar core plot foundation, dialog, settings, characters, characters personalities, and a substantial similar feel, look, and pace of both works as a whole. The two works have similar organized material that equal to at least one hour and twenty five minutes in time. Also in both works the main characters are expressing a high number of sequence of events and their actions in the scenes, in their dialog, and the relationships between the main characters in both works are substantially similar. Both works also start similarly, the core of the plots develop, carry out, and end substantially similar.  The main characters are intersecting in the corporate America business world, while dabbling in and out of the school and college worlds, they intersect with a organized crime family and their problems, and they deal with the untamed street life also while each character deals with their inner struggles with in their own families and brotherhoods, in a attempt to gain the knowledge and money they need so they can un mix their problems they have created, and to erase the troubles and adversity's they were facing.

40.     On information and belief, *Sucker Free City* was released on DVD nationwide on February 2, 2006.

41.     Defendants have either used, or authorized the use of the Work as a basis for *Sucker Free City*.

42.     Plaintiff has diligently tried to resolve this matter with the defendant through discussion without involving the courts. (*See* communications attached hereto exhibit "C")

**COUNT I**
**Copyright Infringement Under 17 U.S.C. §501 *et seq*.**

43.     Plaintiff repeats and re-alleges paragraphs 1-42 of this Complaint as if fully set forth herein, and further alleges as follows:

44.     At all times herein, Plaintiff has been and still is the exclusive owner and proprietor of all right, title, and interest in and to the Work, including all copyright rights associated therewith.

45.     The Work contains wholly original material and is copyrightable subject matter under the copyright laws of the United States.

46.     At the time of Defendants conduct described herein, Plaintiff possessed, and continues to possess, the exclusive rights to the Work as enumerated in 17 U.S.C. §106, including but not limited to the rights to distribute, reproduce, display, and to prepare derivative works.

47.     Defendants utilized and are still utilizing the Work without permission, in violation of Plaintiff's exclusive rights in the copyright to the Work.

48.     Defendants have willfully infringed the copyright in the Work by reproducing, copying, distributing and/or making other infringing use, including but not

limited to using the Work as the basis for *Sucker Free City*, without authorization from Plaintiff, in the United States of America.

49.     As a result of the foregoing activities, Defendants are liable to Plaintiff for copyright infringement under 17 U.S.C. §501.

50.     Plaintiff is entitled to injunctive relief pursuant to 17 U.S.C. §502. Plaintiff has no adequate remedy at law for Defendants' wrongful conduct because, among other things, (a) Plaintiff's copyright is unique and valuable property which has no readily determinable market value, (b) Defendants' infringement harms Plaintiff such that Plaintiff could not be made whole by any monetary award, and (c) Defendants' wrongful conduct, and the resulting damage to Plaintiff, is continuing.

51.     Pursuant to 17 U.S.C. §504, Plaintiff is entitled to recover from Defendants the damages he has sustained and will sustain as a result of Defendants' wrongful acts as alleged above in an amount to be established at trial, and Plaintiff is further entitled to recover the profits made from its wrongful acts.

### COUNT II
### Misappropriation of Ideas Under the Common Law of
### Kentucky, California, and/or New York

52.     Plaintiff repeats and re-alleges paragraphs 1-51 of this Complaint as if fully set forth herein, and further alleges as follows:

53.     Defendants' activities as stated herein constitute willful and intentional misappropriation of ideas under the common law of Kentucky, California, and/or New York or such other state whose laws may apply to this case.

54.     At all times relevant to this Complaint, the Plaintiff submitted the Work to Defendants with the specific hope and expectation that the Defendants would review the

Work and be interested in the production of the Work as a motion picture or television series.

55.     At all time relevant to this Complaint, the ideas, theme and plot contained in the Work were specific, novel, and unique in absolute terms and in the film and television industry in particular, were never commercially available prior to this Action and constituted a property interest pursuant to Kentucky, California, and/or New York law, or such other state whose laws may apply to this case (hereinafter collectively referred to as the "originality").

56.     At all times relevant to this Complaint, the Defendants used the originality found in the Work in writing, developing, producing, selling, and distributing *Sucker Free City* without the consent, express or implied, permission or authorization of the Plaintiff.

57.     At all times relevant to this Complaint, the Defendants wrongfully misappropriated the originality of the Work and used it to write, develop, produce, distribute, sell and profit from *Sucker Free City*.

58.     On information and belief, Defendants wrongful activities have caused, and unless enjoined by this Court will continue to cause, irreparable injury and other damage to the Plaintiff.

59.     As a direct result of the Defendants' misappropriation of ideas, Plaintiff has been injured and damaged, and is entitled to actual and punitive damages as a result thereof.

### Count III
### Unjust Enrichment

60.     Plaintiff repeats and re-alleges paragraphs 1-59 of this Complaint as if fully set forth herein, and further alleges as follows:

61.     At all times relevant to this Complaint and as a result of the wrongful misappropriation of the originality of the Work, the Defendants have unjustly benefited to the detriment of the Plaintiff.

62.     At all times relevant to this Complaint and as a result of the wrongful misappropriation of the originality of the Work and the unjust enrichment of the Defendant, the Plaintiff has been unduly harmed.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

A.     That the Court enter a judgment on the Defendant that they have infringed on Plaintiff's federally registered Copyright.

B.     That the Court enter a judgment against Defendants that they have willfully infringed Plaintiff's rights in his federally registered Copyright;

C.     That the Court enter a judgment against Defendants that they have misappropriated the Plaintiff's ideas under the common law of Kentucky, California, and/or New York.

D.     Defendants be enjoined during the pendency of this action and permanently thereafter from further distribution and/or display of *Sucker Free City*, and otherwise violating the exclusive rights in and to the Work;

E.     That the Court, pursuant to 17 U.S.C. §503, order the impounding and destruction of all copies of the infringing work or material used in violation of Plaintiff's exclusive rights in and to the Work;

F.     That the Court order Defendants to pay, pursuant to 17 U.S.C. §504(b), Plaintiff's actual damages and/or Defendants' profits;

G.      That the Court grant to Plaintiff such other additional relief as is just and

proper.

DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury.


Dated: January 2, 2008                    Respectfully submitted,

                                          JAMES LEE WHITE, III
                                          PLAINTIFF